## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**FAOUZI JABER,**

    Plaintiff,

v.                       **CIVIL ACTION NO.: 3:23-CV-97 (GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this civil action was referred to Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued an R&R [ECF No. 41] on April 29, 2024. In the R&R, Judge Trumble recommends that the Plaintiff's Complaint [ECF No. 1] be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements

"devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On May 13, 2024, the Plaintiff timely filed objections. ECF No. 45. On May 28, 2024, the Defendant filed a Response to the Objections. ECF No. 49.

Upon review of all the filings in this matter, the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R. The Plaintiff's objections clearly identify portions of the R&R to which an objection is being made. However, Plaintiff essentially argues that the Defendant should be estopped from asserting 21 § 3723 as a defense to his claim, pointing to language included in the BOP's letter denying his claim.

The R&R is thorough and accurately recounts the facts and explains the law. Moreover, it is well settled in this Court that a claim—like the one Plaintiff pursues here—cannot proceed for lack of jurisdiction:

> Although the FTCA provides for a limited waiver of the sovereign immunity of the United States and its officials, see 28 U.S.C. §§ 1346, 2674-2680, the claim asserted by the Plaintiff in this case falls under an exception

3

> to that waiver, see 28 U.S.C. § 2680(c) (providing that the provisions of the FTCA do not apply to "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer ...."); see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-28 (2008) (holding that BOP officers are "law enforcement officers" as that term is used in § 2680(c) and, therefore, § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property" by BOP officials). In Ali, the Supreme Court did not address the specific types of BOP action that may or may not constitute a "detention" of property under § 2680(c). But in the years since Ali was decided, several district courts in the Fourth Circuit have applied Ali and § 2680(c) to facts similar to those presented in the instant case. See Barrett v. United States, No. 5:14CV10, 2014 WL 4084187, at *1-2 (N.D. W. Va. Aug. 19, 2014) (dismissing a complaint wherein a plaintiff alleged that a correctional officer was liable for failing to secure the plaintiff's property in his cell after escorting the plaintiff and his cell mate to the correctional officer's office), aff'd per curiam, 585 Fed. App'x 49 (4th Cir. 2014); Perkins v. Deboo, No. CIV.A. 1:08CV225, 2009 WL 1650443, at *1 (N.D. W. Va. June 11, 2009) (dismissing a plaintiff's claim regarding property that was allegedly lost or stolen during the plaintiff's transfer from one correctional institution to another); Mathis v. United States, No. C/A 8:05-3000-MBS, 2008 WL 2922798, at *1 (D.S.C. July 24, 2008) (granting a motion to dismiss a claim involving property that was allegedly lost during a transfer). Accordingly, upon consideration of the circumstances presented in this case, the Plaintiff's claim that prison officials negligently mishandled or failed to safeguard his personal property must be dismissed. This Court lacks jurisdiction to hear the Plaintiff's claim.

Dillard v. United States, No. 3:16-CV-9, 2016 WL 3546364, at *2 (N.D.W. Va. June 22, 2016), aff'd, 671 F. App'x 49 (4th Cir. 2016).

Furthermore, the Undersigned finds, for the reasons more fully explained in the R&R and the Defendants' Response to the Plaintiff's Objections, that this Civil Action should be dismissed. After careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 41] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein, which are explicitly adopted herein. The Plaintiff's Objections are **OVERRULED**. ECF No. 45.

The Defendant's Motion to Dismiss [ECF No. 22] is **GRANTED**, and the Plaintiff's

Complaint is **DISMISSED WITHOUT PREJUDICE**. This civil action shall be removed from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to transmit copies to all counsel of record herein.

**DATED:** August 5, 2024

*(signature)*
GINA M. GROH
UNITED STATES DISTRICT JUDGE